WARNER, J.
We deny the petition seeking relief for ineffective assistance of appellate counsel in petitioner’s direct appeal of his conviction for trafficking in cocaine.
As to petitioner’s claim that counsel failed to raise as an issue that the prosecutor improperly bolstered the police officer’s testimony, he fails to establish that the issue was properly preserved or that it constituted fundamental error. In any event, on the merits, the comments did not constitute improper bolstering. See Reyes v. State, 700 So.2d 458, 461 (Fla. 4th DCA 1997). Although petitioner further argues that appellate counsel failed to argue error as to other comments in the prosecutor’s closing argument, these issues were in fact raised on direct appeal or were not preserved by timely objection at trial.
Petitioner faults appellate counsel for failing to raise that the trial court improperly had “ex parte time” with a juror and that the jury instructions were misleading. However, again, because these issues were *784 not preserved for appeal, nor would they constitute fundamental error, they cannot be raised on appeal, and thus, cannot be grounds for ineffective assistance of appellate counsel. See Rutherford v. Moore, 774 So.2d 637, 646 (Fla.2000).
Petitioner’s final claim of ineffective assistance is that appellate counsel faded to raise an issue based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as to his conviction. Specifically, he questions whether the jury found him guilty by unanimous verdict, as the general verdict did not specify whether the jurors believed he sold, manufactured, delivered, or purchased the cocaine. First, Apprendi does not apply to this claim, as it relates to submitting facts to a jury that increase a defendant’s penalty. See id. at 490, 120 S.Ct. 2348. Second, the issue is without merit. See Griffin v. United States, 502 U.S. 46, 49, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991); accord San Martin v. State, 717 So.2d 462, 470 (Fla.1998) (“While a general guilty verdict must be set aside where the conviction may have rested on an unconstitutional ground or a legally inadequate theory, reversal is not warranted where the general verdict could have rested upon a theory of liability without adequate evi-dentiary support when there was an alternative theory of guilt for which the evidence was sufficient.” (footnotes omitted)).
Petition denied.
GUNTHER and SHAHOOD, JJ., concur.